STATE OF MINNESOTA                 DISTRICT COURT

COUNTY OF HENNEPIN            FOURTH JUDICIAL DISTRICT

CASE TYPE: OTHER CIVIL

John Doe,                                        Court File No._____

         Plaintiff,

vs.

                                               **SUMMONS**

Minnesota State High School League and Erich Martens, Executive Director, in his official capacity, and Osseo Area Schools, Independent School District No. 279,

         Defendants.

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS

YOU ARE HEREBY SUMMONED AND REQUIRED to serve on the Plaintiffs' attorney an answer to the petition that is herewith served on you within twenty (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

This case may be subject to the Alternative Dispute Resolution Process under Rule 114 of the general Rules of Practice for District Courts. The Court Administrator or your attorney can provide you with information available in your area. Alternative Dispute Resolution does not affect your obligation to respond to the Summons and Complaint within twenty (20) days.

Dated: July 17, 2019                   SCHOOL LAW CENTER, LLC

                                            By: /s/ Andrea L. Jepsen
                                               Andrea L. Jepsen #0386781
                                               452 Selby Avenue, Suite 2E
                                               St. Paul, MN 55102
                                               651-222-6288



EXHIBIT A

STATE OF MINNESOTA                                        DISTRICT COURT

COUNTY OF HENNEPIN                                        FOURTH JUDICIAL DISTRICT

                                                          CASE TYPE: OTHER CIVIL

---

John Doe,                                                 Court File No._____

       Plaintiff,                                         **COMPLAINT**

vs.

Minnesota State High School League and Erich
Martens, Executive Director, in his official
capacity, and Osseo Area Schools, Independent
School District No. 279,

       Defendants.

---

Plaintiff, by and through his undersigned counsel, alleges, upon knowledge as to his own acts and otherwise upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff John Doe is an eighteen-year-old student who currently is enrolled in the Osseo Area Schools, Independent School District No. 279 ("District"); he will be starting his twelfth-grade year in the fall of 2019.

2. Plaintiff is a student with a disability served under a Section 504 plan at his high school in the District.

3. Defendant District has elected to delegate the control, supervision and regulation of its interscholastic athletic and fine arts events to the Minnesota State High School League ("League").

4. In June 2016, after completion of his ninth-grade year, Plaintiff's parents sought a neuropsychological assessment for Plaintiff to obtain information about his functioning and the best educational placement for him.

5. Amy S. Hilburger, Psy.D, L.P., performed the neuropsychological evaluation and based on the results of that evaluation she recommended that Plaintiff repeat the ninth grade for reasons related to his disability.

6. Plaintiff has played baseball since seventh grade and his success in baseball has been critical to his self-confidence, mental health, and sense of belonging.

7. Pursuant to League Bylaw 110.00, students are limited to six years or twelve semesters of participation in interscholastic activities from the start of their seventh-grade year in school.

8. Generally, a student would complete his sixth year/twelfth semester of participation in interscholastic activities at the end of his senior year of high school.

9. Plaintiff completed his sixth year/twelfth semester of participation at the end of the 2018-2019 school year, his junior year, because he had to repeat the ninth grade for reasons related to his disability.

10. In March 2019, Plaintiff asked Defendant League to modify its participation policy as a reasonable accommodation of his disability under state and federal law so that he could participate in his school's interscholastic sports program with his peers during his senior year of high school.

11. In May 2019, Defendant League's Eligibility Committee denied Plaintiff's request for a reasonable accommodation of his disability for reasons inconsistent with

state and federal law.

12.  On June 3, 2019, the Board of Directors upheld its Eligibility Committee's refusal to grant Plaintiff's request for a reasonable accommodation of his disability, barring Plaintiff's future participation in Defendant District's interscholastic athletic program.

## THE PARTIES

1.  Plaintiff JOHN DOE is an eighteen-year-old student with a disability enrolled in the Osseo School District.

2.  Defendant MINNESOTA STATE HIGH SCHOOL LEAGUE ("League") is a domestic nonprofit corporation, and under Minn. Stat. § 128C.01, subd. 1, a voluntary association of high schools whose governing boards have delegated their control of extracurricular activities to the League. The League's registered offices are located at 2100 Freeway Boulevard, Brooklyn Center, Minnesota 55430.

3.  Defendant ERICH MARTENS, sued here in his official capacity, is the executive director of the Minnesota State High School League, and is responsible for granting or denying requests for reasonable accommodations of the disabilities of student athletes. Defendant Martens is a natural person and, upon information and belief, resides in Minnesota.

4.  Defendant OSSEO AREA SCHOOLS, INDEPENDENT SCHOOL DISTRICT 279, is a body politic duly incorporated, organized and operated pursuant to Minnesota Statutes, with a district office located at 11200 93rd Avenue North, Maple Grove, Minnesota 55369.

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the parties.

2. Subject matter jurisdiction over this lawsuit is conferred under Minn. Stat. §§ 555.01 et seq.

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 542.09.

## FACTS

4. Plaintiff is a student with longstanding disabilities who is served by the Defendant District under a Section 504 Plan that makes available accommodations intended to provide him with the opportunity to participate in and benefit from the any aid, benefit, or service at his school in a way that is equal to students without disabilities.

5. Plaintiff is currently diagnosed with Attention Deficit/ Hyperactivity Disorder ("ADHD"), a diagnosis he was first given in 2011, and an anxiety disorder. Historically, Plaintiff has also been diagnosed with Dysgraphia, a Depressive Disorder, and an Adjustment Disorder, as well.

6. Despite his accommodation plan, Plaintiff continues to struggle academically and emotionally.

7. Despite Plaintiff's disability-related challenges, he is a skilled baseball player who feels least encumbered by his disability and most competent and like his non-disabled peers when he is excelling at baseball.

8. In June 2016, Dr. Amy S. Hilburger PsyD, L.P., performed a neuropsychological assessment on Plaintiff intended to provide information about the most appropriate educational placement for Plaintiff.

9. Dr. Hilburger is a Licensed Psychologist and Neurocognitive Assessment Specialist.

10. Dr. Hilburger's evaluation identified problems with non-verbal learning, attention, executive functioning, sustained mental effort, organization, impulsivity, hyperactivity, working memory, attending to and integrating new knowledge, the social skills necessary to initiate friendship, social cue interpretation, and emotional maturity.

11. Because of Plaintiff's disability-related problems with emotional maturity, in particular, which left him "highly vulnerable" to the influence of others, Dr. Hilburger recommended that Plaintiff repeat the 9th grade, a recommendation which Plaintiff's parents took.

12. Dr. Hilburger recommended also that Plaintiff's parents and school personnel continue to encourage Plaintiff to participate in non-academic, success-producing activities that promote self-mastery and improve confidence.

13. Defendant District has elected to delegate the control, supervision and regulation of its interscholastic athletic and fine arts events to the League.

14. In return, Defendant District supports Defendant League with the payment of membership dues and activity fees for each school activity the League administers for the District, and Defendant District provides representatives to the League who vote on behalf of the District at all of the League's district, region and section meetings and on mail ballots where member schools are called upon to vote.

15. Defendant League created a bylaw that generally limits students to six years of interscholastic sports eligibility.

16. Plaintiff completed his sixth year of participation at the end of the 2018-2019 school.

17. Defendant League has created a number of exceptions to its eligibility rule, including where the student is forced to withdraw from school because of circumstances beyond the family's control, the student participated in an approved foreign exchange program, or the student experiences a prolonged absence from school because sickness, injury, or extreme family emergency.

18. In March 2019, Plaintiff asked Defendant League to modify its participation policy as a reasonable accommodation of his disability under state and federal law so that he could participate in his school's interscholastic sports program with his peers during his final year of school.

19. In support of Plaintiff's request, he provided a copies of Dr. Hilburger's neuropsychology report, his Section 504 plan, and a letter from his pediatrician explaining that Plaintiff has not grown since he was in the tenth grade and that Plaintiff benefits academically and emotionally from being allowed to participate in his school's baseball program.

20. In May 2019, the League's Eligibility Committee denied Plaintiff's request for a reasonable accommodation of his disability for reasons inconsistent with state and federal law, namely that Plaintiff was "not forced to withdraw from school because of circumstances beyond the student's or parent(s) control," and "the information and documentation does not indicate the student lost the opportunity to participate in the twelve consecutive semesters available for participation."

21. On May 21, 2019, Plaintiff notified Defendant District that Defendant League had illegally refused his request for a reasonable accommodation of his disability on the District's behalf. To Plaintiff's knowledge, the District has taken no action to correct the League's decision.

22. On June 3, 2019, Defendant League's Board of Directors upheld the League's Eligibility Committee's refusal to grant Plaintiff's request for a reasonable accommodation of his disability, barring Plaintiff's future participation in Defendant District's interscholastic athletic program.

23. Plaintiff now seeks to enforce his rights to a reasonable accommodation of his disability involving a modification of Defendant League's eligibility rule that limits his participation because of his disability-related repetition of the ninth grade so that Plaintiff may gain equal access to and equal benefit from his high school's interscholastic athletic program during his senior year in high school.

## VIOLATION ALLEGED

**Defendants Violated Plaintiff's Right to a Reasonable Accommodation of his Disability Under the Minnesota Human Rights Act (Minn. Stat. §§ 363A.01 - 363A.44), Section 504 of the Rehabilitation Act (29 U.S.C. §§ 794 – 794f (2014)), and the Americans with Disabilities Act (Title III 42 U.S.C. §§ 12181 – 12189 (1990), Title II 42 U.S.C. §§ 12131 – 12134)**

24. Plaintiffs incorporate by reference all preceding paragraphs.

25. It is an unfair and discriminatory practice for a place of public accommodation not to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person under the Minnesota Human Rights Act.

26. Defendants are covered entities, and Plaintiff is a qualified person with a

disability, under the Minnesota State Human Rights Act.

27. Section 504 of the Federal Rehabilitation Act bars discrimination based on disability in any program or activity receiving federal financial assistance, including elementary and secondary schools, and requires the modification of policies and practices in order to accommodate people with disabilities.

28. Defendants are covered entities, and Plaintiff is a qualified person with a disability, under Section 504 of the Rehabilitation Act.

29. The U.S. Department of Education's Office of Civil Rights has promulgated regulations to implement Section 504 as it relates to educational activities, including extracurricular activities. Those regulations are located at 34 C.F.R. §§ 104.1-104.61. Under the Department's regulations, a covered entity discriminates against a qualified student with a disability when it offers a disabled student an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others.

30. Under the Department's education regulations, a covered entity must provide non-academic and extracurricular services and activities in such manner as is necessary to afford handicapped students an equal opportunity for participation in such services and activities.

31. Under the Department's education regulations, nonacademic and extracurricular services and activities include physical recreational athletics, recreational activities, and clubs sponsored by the recipient school under Section 504's implementing regulations.

32. Under the Department's regulations a public school district may not aid or perpetuate disability discrimination by providing significant assistance to an organization that discriminates on the basis of disability.

33. Even though Defendant District is aware of Defendant League's discriminatory practices, the District has not discontinued providing significant assistance to the League or reversed its decision to delegate the control, supervision and regulation of its interscholastic athletic and fine arts events to Defendant League.

34. Title II of the Americans with Disabilities Act (ADA) applies to state and local government entities, protects people with disabilities from discrimination in services and programs, and requires covered entities to modify their policies to reasonably accommodate people with disabilities.

35. Title III of the Americans with Disabilities Act applies to public accommodations and commercial facilities, protects people with disabilities from discrimination in services and programs, and requires covered entities to modify their policies to reasonably accommodate people with disabilities.

36. Defendants are covered entities and Plaintiff is a qualified person with a disability under the ADA.

37. Under the Minnesota Human Rights Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act, if a qualified student with a disability requires reasonable modification of a rule or practice of an extracurricular activity provided by the entity to ensure an equal opportunity to participate in the activity, that modification must be provided unless the covered entity can show that the modification

would be a fundamental alteration to its program or present an undue burden.

38. In refusing Plaintiff's request for a reasonable accommodation of his disability, the League did not state that the requested modification would be a fundamental alteration to its program or present an undue burden; rather, the League simply reiterated the non-disability-related exceptions to its rule contained within that rule.

39. Modification of Defendant League's eligibility rule for a student with a disability cannot be a fundamental alteration or undue burden given the number of ways in which the League already modifies its eligibility policy for kids who do not have disabilities.

40. Defendant League's willingness to modify its to eligibility limitations for students without disabilities (including for circumstances beyond the family's control, for a student participated in an approved foreign exchange program, and for a student has prolonged absence required by sickness, injury, or extreme family emergency) is not only a failure to provide the legally mandated accommodation, but is also a form of intentional and invidious discrimination.

41. A public school district may not aid or perpetuate disability discrimination by providing significant assistance to an organization that discriminates on the basis of disability.

42. Defendant District provides significant support to Defendant League with its payment of membership dues and activity fees for each school activity the League administers for the District, and the representatives the District provides to the League to

support Defendant League's operation.

43. Plaintiff seeks now seeks enforcement of his rights under the Minnesota Human Rights Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in their favor and against Defendants, as follows:

1. For appropriate declaratory relief regarding the unlawful and discriminatory acts and practices of Defendants;
2. For appropriate equitable relief including the enjoining and permanent restraining of Defendants' continued exclusion of Plaintiff from the Osseo School District interscholastic sports program, and direction to Defendants to take such action as is necessary to ensure that Defendants' discriminatory actions are eliminated and do not continue to affect the rights of Plaintiff John Doe or others.
3. For an award of reasonable attorney's fees and costs on Plaintiff's behalf pursuant to Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the Minnesota Human Rights Act; and
4. Any other and further relief the Court may deem just and proper.

DATED: July 17, 2019

SCHOOL LAW CENTER, LLC.

By: /s/ Andrea L. Jepsen
    Andrea L. Jepsen, #0386781
    Amy J. Goetz, #0214711
452 Selby Avenue, Suite 2E
Saint Paul, MN 55102
Phone: 651-222-6288
Facsimile: 651-222-7193
ajepsen@schoollawcenter.com
agoetz@schoollawcenter.com

**ATTORNEYS FOR PLAINTIFF**